Filed 8/30/16  P. v. Salido CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B267644 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA431434) |
| v. | |
| RIGOBERTO SALIDO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed as modified.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted defendant Rigoberto Salido of attempted murder and illegally cultivating marijuana. The jury also found Salido personally and intentionally discharged a firearm causing the victim to suffer great bodily injury under Penal Code[1] section 12022.53, subdivision (d), and that he personally inflicted great bodily injury on the victim under section 12022.7, subdivision (a). In a bifurcated proceeding, Salido admitted he suffered four prior convictions for robbery, all of which qualify as serious or violent felonies for purposes of the three-strikes law. Salido then made an oral motion to strike his prior convictions under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), which the court denied. The court sentenced Salido to an aggregate term of 53 years to life in prison.

On appeal, Salido contends, and the People concede, the court should have stayed execution of the three-year enhancement imposed under section 12022.7, subdivision (a). Salido also contends the court abused its discretion in denying his *Romero* motion. We modify Salido's sentence by staying the three-year great bodily injury enhancement. In all other respects, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 7, 2014, Alfredo Leal met Vanessa Galvez, his ex-girlfriend, at Obregon Park in Los Angeles. Leal started arguing with Galvez because she was texting another person. After Galvez dropped the two phones she was carrying, Leal picked one of them up and began reading her text messages. Leal returned one of Galvez's phones but kept the other.

Later that day, Leal received several phone calls and text messages asking him to return Galvez's phone. Leal replied, " 'come get it.' " Around 8:00 p.m., Salido, Galvez's boyfriend, arrived at Leal's house in a black car. As Leal approached the car, Salido drew a gun. When he saw the gun, Leal ran back toward his home. Salido then

---

[1] All undesignated statutory references are to the Penal Code.

2

fired five shots, four of which struck Leal. At least one of the shots struck Leal's chest, causing one of his lungs to collapse.

The People charged Salido with attempted willful, deliberate, and premeditated murder (§ 664/187, subd. (a)) and illegally cultivating marijuana[2] (Health and Saf. Code, § 11358). As to the attempted murder charge, the People alleged Salido personally and intentionally discharged a firearm causing great bodily injury under section 12022.53, subdivision (d), and that he personally inflicted great bodily injury under section 12022.7, subdivision (a). The People also alleged two firearm enhancements under section 12022.53, subdivisions (b) and (c). Finally, the People alleged Salido suffered four prior convictions for robbery (§ 211), one of which occurred in 2002 while Salido was a juvenile and three of which occurred in 2005, and all of which qualified as serious or violent felonies under the three-strikes law (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)).

In September 2015, a jury convicted Salido of attempted murder and illegally cultivating marijuana. The jury also found true all of the firearm and great bodily injury allegations.[3] In a bifurcated bench trial, Salido admitted his four prior robbery convictions.

After admitting his prior convictions, Salido's counsel made an oral motion to strike those convictions under *Romero*. His counsel's argument consisted of the following: "Your honor, ask the court strike the strike priors based upon *Romero*, submit." The People opposed the motion, arguing Salido did not fall outside the spirit of the three-strikes law because his prior convictions were not remote in time. The People explained that although Salido's most recent prior convictions occurred in 2005, he had received a seven-year prison sentence for those convictions, and had therefore failed to remain crime-free while out of custody for a significant period of time before

---

**2** While investigating the shooting, police found numerous marijuana plants and equipment used for growing the plants in Salido's home.

**3** In addition, the jury found that the attempted murder was committed willfully, deliberately, and with premeditation.

3

committing the attempted murder in this case. The court denied Salido's motion. It found his prior convictions were similar in nature to his current attempted murder conviction because they were all violent crimes. The court also found Salido's prior convictions were not remote in time because Salido had remained crime-free for only a "few years" after being released from custody for his 2005 convictions.

The court sentenced Salido to an aggregate term of 53 years to life in prison. As to Salido's attempted murder conviction, the court imposed a term of 25 years to life pursuant to the three-strikes law (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)), a consecutive term of 25 years to life under section 12022.53, subdivision (d), and a consecutive three-year term under section 12022.7, subdivision (a). The court also imposed, but stayed, 10- and 20-year enhancements under section 12022.53, subdivisions (b) and (c), respectively. As to Salido's conviction for illegally cultivating marijuana, the court imposed the mid-term of 2 years to run concurrently with Salido's sentence for the attempted murder conviction.

## DISCUSSION

### 1. The court should have stayed execution of the great bodily injury enhancement imposed under section 12022.7, subdivision (a).

Salido contends, and the People concede, the court erred when it imposed and executed both great bodily injury enhancements under sections 12022.53, subdivision (d), and 12022.7, subdivision (a). We agree.

The sentence enhancements imposed under sections 12022.53, subdivision (d), and 12022.7, subdivision (a), increase the punishment for a defendant who personally inflicts great bodily injury on someone other than his or her accomplice. Under section 12022.53, subdivision (d), the court must impose an additional term of 25 years to life in prison if the jury finds the defendant "personally and intentionally discharge[d] a firearm . . . [,] proximately caus[ing] great bodily injury . . . to any person other than an accomplice." Under section 12022.7, subdivision (a), the court must impose an additional three-year term if the defendant "personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony."

4

However, in the event both sentence enhancements are proven true, the court can impose and execute only the section 12022.53, subdivision (d), enhancement; the court should impose but stay execution of the section 12022.7, subdivision (a), enhancement. (§ 12022.53, subd. (f) ["[a]n enhancement for great bodily injury as defined in Section 12022.7 . . . shall not be imposed on a person in addition to an enhancement imposed pursuant to [section 12022.53,] subdivision (d)"]; see also *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1127-1130 (*Gonzalez*) [if both enhancements are proven true, the court should impose but stay execution of the section 12022.7, subdivision (a), enhancement].)

Here, the court imposed both great bodily injury sentence enhancements, but it did not stay execution of the three-year enhancement imposed under section 12022.7, subdivision (a). The judgment should be modified to reflect a stay of execution of that enhancement. (§ 12022.53, subd. (f); see also *Gonzalez*, *supra*, 43 Cal.4th at pp. 1127-1130.)

### 2. The trial court did not abuse its discretion in refusing to strike Salido's prior convictions.

Salido next contends the court abused its discretion when it denied his *Romero* motion and refused to strike his prior convictions. Specifically, he contends he falls outside the spirit of the three-strikes law because he remained crime-free for nearly ten years before he committed the attempted murder in this case. We disagree.

In *Romero*, the California Supreme Court held that, under the three-strikes law, a sentencing court retains discretion to strike a defendant's prior strike convictions in the furtherance of justice. (*Romero*, *supra*, 13 Cal.4th at p. 504.) When ruling on a motion to strike a prior strike conviction, "the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been

5

convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

A sentencing court's refusal to strike a prior strike conviction is reviewed for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) When the factors discussed above "manifestly support the striking of a prior conviction and no reasonable minds could differ—the failure to strike would constitute an abuse of discretion." (*Id*. at p. 378.)

In this case, the court reasonably found Salido did not fall outside the spirit of the three-strikes law. Contrary to Salido's argument on appeal, his prior robbery convictions are not remote in time and nothing in the record supports finding that the three robbery convictions in 2005 arose from the same act. In fact, Salido concedes "multiple victims were involved in the prior case." And although Salido was convicted of his first robbery in 2002, he committed three additional robberies in 2005, or just three years later. As a consequence of his 2005 convictions, Salido received a seven-year prison sentence. Within only a few years of being released from custody for the 2005 crimes, Salido committed the 2014 attempted murder offense. Put another way, the fact Salido waited until 2014 to commit the attempted murder offense was not because he was rehabilitated after 2005—he was in state custody for most of that time period. Moreover, as the court observed, Salido's prior robbery convictions were similar in nature to his instant attempted murder conviction in that they were all violent felonies. On this record, we cannot say the court abused its discretion in denying Salido's *Romero* motion.

## DISPOSITION

The judgment is modified to reflect a stay of execution of the three-year sentence enhancement imposed under section 12022.7, subdivision (a).  As modified, the judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment and to forward it to the Department of Corrections and Rehabilitation.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



LAVIN, J.

WE CONCUR:



EDMON, P. J.



STRATTON, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.